[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Deborah, age 43, whose maiden name was Deborah Watson and the defendant, Michael F. Mrowka, age 43 were married on February 10, 1978 at Winsted, Connecticut. There are three children issue of the marriage, two of which are minors, Michael Joseph Mrowka, born March 17, 1980, Joshua Andrew Mrowka, born April 3, 1981 and Nathaniel Laban Mrowka, born March 24, 1984. There is no issue of custody as Joshua resides with his father and Nathanial with his mother.
The parties met while in school when they were thirteen years old. They dated for a couple of years and then broke up. Six years later they got back together and married at age twenty-one. Initially, the marriage was a good one but problems developed in 1986. The defendant was not sleeping, became depressed and was diagnosed as a manic depressive. The defendant became overly controlling of his wife, considered her his slave and criticized her regularly. The defendant testified that his religion, Jehovah Witness, tells him that he is the master of the home, his wife must follow his directions and that she is his slave and property. This characteristic on the part of the defendant had the effect of destroying any love the plaintiff had for her husband. At times, he would ignore his wife and verbally but not physically abuse her. There is no question that the marriage has broken down irretrievably due to the irrational attitude of the defendant. The plaintiff vacated the family home on February 19, 1998.
During the marriage, the defendant who is a college graduate has been an adequate provider for his family. While he has had many jobs, he has always managed to obtain new employment at an increased wage after resigning or being laid off. Up until November 1998 he was working, for the Travelers Insurance Company earning $52,500.00 per year. He is presently unemployed receiving $386.00 per week but has many resumes on file. Based upon past history and the defendants' computer ability it is anticipated that he will be reemployed in the near future. The plaintiff is employed at A.M.S. Services, Inc. earning $525.00 per week with a net of $467.00. CT Page 14872
The parties own real estate located at 82 Greenwoods Road East in Norfolk, Connecticut. It is agreed that this property has a value of $130,000.00 with a mortgage of $25,000 for a net equity of $105,000.00. Neither party has any other appreciable assets except automobiles and personal property. The plaintiff has a car loan of $8,000.00 and a credit card debt of $5,500.00. The defendant has credit car debts of approximately $14,000.00.
There was disputed evidence as to the condition of the property. The plaintiff claims that at a minimum complete house cleaning is required. This claim is disputed by the defendant although the court accepts the testimony of the plaintiff on this issue. The appraisal report of Mr. Robert L. Bartas, SRA states in part:
 Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction, remodeling/additions, etc.: This Colonial styled dwelling has received average maintenance and care, but displays some deferred maintenance and care in some areas. It is considered to be in generally average/average-condition, overall. Redecorating 
completing some repair work would further enhance. All mechanicals were reported to be in good, working order. *** See Additional Comments ***.
 Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property.: Oil tank is in the basement. Asbestos pipe wrap in basement. There are not other adverse environmental conditions influencing the property being appraised known or reported to the appraiser.
Based upon the evidence and the provisions of General Statute § 46b-81, the Court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of legal separation pursuant to General Statute § 46b-40.
2. The plaintiff shall have physical custody of Nathaniel and the defendant shall have physical custody of Joshua with parties having joint custody of both minor children. Parties shall have CT Page 14873 reasonable visitation with the child not in their custody.
3. Defendant shall pay the sum of $66.00 per week to plaintiff as child support until such time as the youngest child graduates from high school or turns nineteen years of age, whichever sooner occurs. Said child support shall be secured by an automatic wage execution; during the term of the defendants unemployment, he may avoid a contempt citation by paying $26.00 per week. The remaining obligation shall be satisfied out of the defendants share of the sale of the marital home.
A. The marital property located at 82 Greenwoods Road East, Norfolk, Connecticut shall be listed for sale on or after January 15, 1999. The plaintiff shall have full access to the property to put it in a condition such that it may be sold. During the time it is listed the defendant shall continue to pay the mortgage, taxes, insurance and utilities servicing the property. Any costs and expenses, incurred by the Plaintiff to get the property in saleable condition shall be reimbursed to the plaintiff out of the closing proceeds. The property shall be listed by the realtor of the plaintiff's choice and shall be listed at the price suggested by that realtor. The parties must accept any offer within 10% of the listed price. The plaintiff reserves the right to return to court to ask for approval of a sale which is outside of that 10% range. The parties shall reduce the listed price in accordance with the suggestions of the listing broker. When the property is sold, after the expenses of the sale are deducted including those repairs as aforesaid, the mortgage, attorneys fees, brokers fees and other costs of closing, the parties shall divide the remaining amount equally. The parties shall pay any jointly held credit cards which are listed on their respective affidavits off out of the closing proceeds and shall close those accounts.
B. Until the property is sold, the defendant shall have the right to purchase it for a total price of $109,980.00. This is arrived at by a 10% reduction to $117,000.00 less a commission of 6% or $7,020.00.
4. The plaintiff shall have sole ownership of her sewing machine, dolls and doll craft items; pink wingback chair; floor-to-ceiling standing shelf; wicker porch chair and coffee table; tea cart with glass shelves; picture — girl reading book with dog; picture — girl in rocking chair with kitten; hand crafted wreath with silk hanging vines; one half pictures of CT Page 14874 children; chime made by Joshua: picture — girl with apples; 1995 Oldsmobile Cierra automobile.
5. The defendant shall retain or be given the following items of personalty; title document for 1986 Oldsmobile Cutlas Wagon; husband's certificates and diplomas; one-half of photographs including child birthing; the personal property remaining in family home; a 1989 Ford Escort; a 1986 Plymouth Horizon; a 1969 Chevrolet Chevelle; and a used IBM personal computer.
6. For so long as defendant or plaintiff is provided life insurance as an employment benefit that or each parent will maintain it naming the children of the marriage as its beneficiaries.
7. When defendant finds new employment he shall maintain any medical insurance coverage, as available through his employer, for the behalf of the minor children during their minority. The plaintiff shall likewise maintain such medical insurance coverage. as available through her employer, on behalf of the minor children during their minority. The parties shall share equally all unreimbursed/uninsured health care expenses of the minor children equally, during their minority.
8. The plaintiff shall be responsible for the liabilities as shown on her financial affidavit submitted this day including the PNC car loan and Advanta credit card. Plaintiff shall indemnify and hold defendant harmless from same.
9. The defendant shall be responsible for the liabilities as shown on his financial affidavit submitted this day including the Advanta, the Providian loan, the loan from his parents and the loan from Fleet Bank. Defendant shall indemnify and hold plaintiff harmless from same.
10. One dollar per year alimony is awarded to each party for debt indemnification only.
A decree of legal separation may enter.[1]
HON. WALTER M. PICKETT. JR. JUDGE TRIAL REFEREE